# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Cause No. CR 24-20-GF-BMM |
| Plaintiff, | |
| vs. | **ORDER** |
| LEON BOYD MESSERLY, | |
| Defendant. | |

## INTRODUCTION

Defendant Leon Boyd Messerly ("Messerly") filed a motion for compassionate release on June 16, 2025. (Doc. 35.) Messerly's counsel filed a supplemental brief in support of Messerly's motion on October 14, 2025. (Doc. 41.) Messerly argues that his cardiac problems, originating from a heart bypass surgery in 2015, and shoulder issues, and the necessary medical treatment associated with these conditions constitute extraordinary and compelling reasons for a sentence reduction to time served plus a period of supervised release. (*Id*. at 3-4, 7). The Government opposes Messerly's motion. (Doc. 45.) The Government argues that Messerly has not provided extraordinary and compelling reasons justifying a sentence reduction and warrants a denial of the motion. (*Id*.)

## FACTUAL BACKGROUND

A grand jury indicted Messerly on March 21, 2024, for four counts including

1

assault with intent to commit murder in violation of 18 U.S.C. §§ 1153(a) and 113(a)(1), assault with a dangerous weapon in violation of 18 U.S.C. §§ 1153(a) and 113(a)(3), assault resulting in serious bodily injury in violation of 18 U.S.C. §§ 1153(a) and 113(a)(6), and domestic assault after having a final conviction on at least two separate occasions for offenses under 18 U.S.C. § 117(a)(1) and (2), in violation of 18 U.S.C. § 117. (Doc. 1.) Messerly entered a guilty plea to count 2 of the indictment on July 1, 2024. (Doc. 24.) Pursuant to the plea agreement, counts 1, 3, and 4 were dismissed. (Doc. 21.)

Messerly's offense level was 21 and his criminal history score placed him in category III. (PSR at ¶¶ 32, 50.) The Court sentenced Messerly on November 6, 2024, to the custody of the Bureau of Prisons ("BOP") for 45 months with 209 days of credit for pre-trial custody. (Doc. 31; PSR ¶ at 1.) Messerly was further sentenced to 3 years supervised release. (Doc. 31.)

Messerly has served approximately 1 year and 4 months of his almost 4-year term of imprisonment. Messerly has served 21 months in custody including his time in tribal custody pre-sentencing. (Doc. 41 at 4.) Messerly's projected release date is June 22, 2027. *See* Inmate Locator, https://www.bop.gov/inmateloc (accessed November 25, 2025). Messerly is incarcerated at Marion FCI in Marion, Illinois. *Id.*

## DISCUSSION

### I. Availability of Relief Under 18 U.S.C. § 3582

The First Step Act amended the United States Code to "promote rehabilitation

of prisoners and unwind decades of mass incarceration." *United States v. Brown*, 411 F. Supp. 3d 446, 448 (S.D. Iowa 2019) (citing Cong. Research Serv., R45558, The First Step Act of 2018: An Overview 1 (2019)). The Court may modify a term of imprisonment upon motion of a defendant if the Court finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must consider the factors set forth in 18 U.S.C. § 3553(a) and whether the reduction proves "consistent with applicable policy statements issued by the Sentencing Commission" when the Court is considering the reduction of a defendant's term of imprisonment. *Brown*, 411 F. Supp. 3d at 448 (citing 18 U.S.C. § 3582(c)(1)(A)).

Congress has not defined the circumstances that rise to the level of "extraordinary and compelling," except to say that "[r]ehabilitation of the defendant alone" is insufficient. 28 U.S.C. § 994(t); *Brown*, 411 F. Supp. 3d at 448. The law instead directs the United States Sentencing Commission ("USSC") to issue a policy statement describing "what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t); *United States v. Aruda*, 993 F.3d 797, 800 (9th Cir. 2021).

Section 1B1.13 of the United States Sentencing Guidelines ("USSG"), titled Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) ("Policy

Statement"), previously only provided a policy statement for motions filed by the BOP director. Amendments to USSG § 1B1.13 took effect on November 1, 2023. "The amendment revises §1B1.13(a) to reflect that a defendant is now authorized to file a motion under 18 U.S.C. § 3582(c)(1)(A), making the policy statement applicable to both defendant-filed and BOP-filed motions." USSC, Amendments to the Sentencing Guidelines, Policy Statements, Official Commentary, and Statutory Index, at 7, https://www.ussc.gov/sites/default/files/pdf/amendment-process/official-text-amendments/202305_Amendments.pdf.

The amendments provide that:

Extraordinary and compelling reasons exist under any of the following circumstances or a combination thereof:

(1) Medical Circumstances of the Defendant.—

   . . .

   (B) The defendant is—
      (i) suffering from a serious physical or medical condition,

      (ii) suffering from a serious functional or cognitive impairment, or

      (iii) experiencing deteriorating physical or mental health because of the aging process,

   that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

   . . .

(5) Other Reasons.—The defendant presents any other circumstance or

      combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4).

  (6) Unusually Long Sentence.—If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

USSC, *Amendments to the Sentencing Guidelines, Policy Statements, Official Commentary, and Statutory Index*, at 3.

    The catchall "other reasons" provision reflects the USSC's belief that "guidance beyond that provided in the amended policy statement regarding what circumstances or combination of circumstances are sufficiently extraordinary and compelling to warrant a reduction in sentence is best provided by reviewing courts." (*Id.* at 10.) The "unusually long sentence" provision applies where there have been non-retroactive changes to the law. (*Id.*) This provision recognizes that "[o]ne of the expressed purposes of section 3582(c)(1)(A) when it was enacted in 1984 was to provide a narrow avenue for judicial relief from unusually long sentences." (*Id.* at 11 (citing S. REP. NO. 98–225 (1983)). USSG § 1B1.13(b).

  **A. Exhaustion of Remedies**

Messerly appropriately exhausted his administrative remedies as required before filing his motion for compassionate release. Messerly asserts that he filed a request with the warden at FCI Marion on April 30, 2025, requesting consideration for compassionate release. (Doc. 35.) It is unclear if the warden responded, or more specifically, denied that request and if Messerly appealed such a denial. Messerly has exhausted his administrative remedies, as more than 30 days have elapsed since the warden received his request. 18 U.S.C. § 3582(c)(1)(A).

### B. Reason for Reduction

#### a. Medical Condition

Messerly is 65 years old. (PSR ¶ at 2.) Messerly underwent a heart bypass surgery in 2015 and requires ongoing cardiac care. (Doc. 41 at 5.) Messerly also contends that he suffers from shoulder pain. (*Id*. at 4.) Messerly asserts that the Bureau of Prisons is not adequately treating his cardiac or shoulder issues. (*Id*.) Messerly argues that numerous courts have found that the care provided by the Bureau of prisons is lacking. (*Id*. citing *United States v. Bardell*, 2022 WL 4944552 (M.D. Fla. Oct. 4, 2022), *United States v. Ranes*, Case No. 3:06-cr-41-JMK, ECF No. 1165 at 4 (D. Alaska Nov. 22, 2022), *United States v. Burr*, Case No. 1:15-cr-362 (M.D.N.C. Dec. 1, 2022), and *United States v. Nieves-Feliciano*, 2021 WL 1170317, at *4-5 (D. Conn. Mar. 29, 2021).)

The Government argues that Messerly provides no evidence or medical

6

documentation to support his assertions about his medical conditions and the lack of medical treatment from BOP. (Doc. 45 at 11.) The Government contends that Messerly fails to describe how these conditions impact his ability to provide self-care. (*Id*.) The Government further asserts that medical records directly contradict Messerly's allegations about his medical conditions. (*Id*.) The Government notes that the medical records indicate that BOP knows of Messerly's previous cardiac surgery and has evaluated his condition for any necessary treatment on several occasions. (*Id*. at 12.)

The Government further argues that the medical records demonstrate that BOP has adequately evaluated and treated Messerly's shoulder pain. (*Id*.) The Government highlights that the medical records indicate that medical personnel at BOP determined that the acute pain Messerly alleged in his chest and shoulder "resulted from orthopedic pain associated with the change in weather." (*Id*.) As uncompelling as this medical diagnosis appears, it is more telling to the Court that Messerly himself told medical personnel that his shoulder was hurting from overuse due to pushups. (*Id*.) The Court finds that Messerly's cardiac needs and alleged shoulder pain do not qualify as an "extraordinary and compelling reason" to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) and USSG §1B1.13(b)(1).

b. **Messerly's Release Plan**

Messerly asks the Court for a sentence reduction to time served. (Doc. 41.)

Messerly asserts that if the Court releases Messerly from custody, he will still have three years of supervised release. (*Id.*) Messerly argues that if released, he would return to the Fort Belknap Indian Reservation where he has lived his entire life. (*Id.* at 6.) Messerly argues that he would be able to access medical care through the Indian Health Service. (*Id.*)

### c. The 18 U.S.C. § 3553(a) factors

Messerly argues that, in light of his illness, he has served a sentence that reflects the seriousness of his offense, promotes respect for the law, and fulfills the need for just punishment. (*Id.* at 6 citing 18 U.S.C. §3553(a)(1) (a)((2)(A).) Messerly argues that due to his cardiac issues, "he has not and most likely will not receive "educational and vocational training" and "other correctional treatment" during his term." (*Id.*) Messerly acknowledges that his crime was serious, but argues seemingly argues that his culpability was less because he was drunk when he committed the offense. (*Id.* at 7.)

The Government asserts that Messerly's offense was violent and only one assault in a pattern of troubling behavior. (Doc. 45 at 14.) Messerly stabbed his partner multiple times with a chef's knife through her back, neck, and forearm. (PSR ¶ 17.) After brutally stabbing his victim, Messerly left her at his home where she would have bled out and died if not for the intervention of a friend to whom Messerly had confessed he had "fucked up." (*Id.* ¶ 15.) Messerly is lucky that his victim did

8

not die as she suffered serious injuries including acute blood loss and required numerous surgeries to address her wounds. (*Id.* ¶ 17.) Messerly has a history of committing violent assaults both against the same victim from this offense and other partners and friends. (Doc. 45 at 14-15.) The Court finds that a 45-month term of imprisonment is just punishment for such a severe offense and is necessary to assist in deterrence, to promote respect for the law, and to protect the public.

## CONCLUSION

The Court finds that Messerly's medical conditions do not rise to the level of extraordinary and compelling circumstances warranting a sentence reduction. Messerly suffers from cardiac problems stemming from a previous heart bypass surgery and from shoulder issues. The Court finds that Messerly's medical problems do not prevent him from being able to care for himself within a prison setting. The Court finds that Messerly has presented no evidence that the medical care provided to him by the Bureau of prisons is inadequate at this time. The Court agrees with the Government that the severity and seriousness of Messerly's crime warrant a 45-month sentence.

For these reasons, the Court will not reduce Messerly's sentence. The Court suggests Messerly file a new request should his health conditions deteriorate.

## ORDER

Accordingly, **IT IS ORDERED** that Messerly's motion for compassionate

9

release (Doc. 35) is **DENIED.**

DATED this 25th day of November, 2025.

Brian Morris, Chief District Judge
United States District Court